# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1445

_____

| | | |
|---|---|---|
| Willie Mason, Jr., | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Butcher Shop Steakhouse, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: October 7, 2002

Filed: October 9, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Willie Mason, Jr., appeals the district court's adverse grant of summary judgment in Mason's race-discrimination lawsuit. Having reviewed the district court's summary judgment ruling de novo, see Sprenger v. Fed. Home Loan Bank of Des Moines, 253 F.3d 1106, 1111 (8th Cir. 2001), we reverse and remand.

Mason was discharged from his employment as a dishwasher for the Butcher Shop Steakhouse (Butcher Shop) in May 2000, after working there three and one-half months. Mason, who is African American, alleged his discharge was due to his race and national origin. The parties and the district court assumed Mason had made out

a prima facie case of race and national-origin discrimination. The district court concluded, however, that Butcher Shop had articulated a legitimate, nondiscriminatory reason for discharge, and that Mason had failed to come forward with sufficient evidence of pretext.

Contrary to the district court's viewpoint, Butcher Shop offered no admissible evidence establishing a legitimate, nondiscriminatory reason for discharging Mason. Having carefully reviewed the record, we find that Butcher Shop submitted only unsworn (and in one case unsigned) statements by four employees. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-55 (1981) (once plaintiff has established prima facie case of discrimination, "defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection"); Mays v. Rhodes, 255 F.3d 644, 648 (8th Cir. 2001) (unsworn written accounts were inadmissible hearsay). In the absence of any admissible evidence of a legitimate reason for discharging Mason, the issue of pretext should not have been reached. Cf. Whitley v. Peer Review Sys., Inc., 221 F.3d 1053, 1055 (8th Cir. 2000) (once defendant explains its actions with legitimate, nondiscriminatory reasons, plaintiff must show pretext).

Additionally, even if Butcher Shop had presented admissible evidence of a legitimate, nondiscriminatory reason for Mason's discharge, Mason presented contrary evidence raising a genuine issue of material fact whether the reason was pretextual. In his deposition testimony, Mason directly contradicted the descriptions of unacceptable behavior attributed to him, and testified that managers had complimented his work performance, and that the manager who fired him told him he was being fired because "two the white waitresses [were] afraid of" Mason. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51 (2000) (in judgment as matter of law, which is same as summary judgment inquiry, court may not make credibility determinations or weigh evidence).

We thus reverse and remand the case to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.